May it please the Court, Richard Browker from the First District Appellate Project, hearing for Clyde Rainey, Appellant. Okay, and if you keep the mic close enough so we can pick up your voice. Is that better? That's better. Thank you. I would like to focus on Appellant's argument that the trial court's failure to conduct a competency hearing resulted in a denial of due process under the 14th Amendment. And to begin with, I think we're really clear on the law here. Respondent, Appellant, and the State Court essentially have no quarrel regarding the applicable law. Under Pate v. Robinson, a judge has an affirmative duty to raise the issue of competence sua sponte. If the evidence raises a bona fide doubt as to a defendant's competence to stand trial. And under Dusky v. United States, a person is competent to stand trial if he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and he has a rational as well as factual understanding of the proceedings against him. And then third, under Drope, a court must order a hearing on the competence of the accused whenever there is substantial evidence of incompetence. So a failure to do so results in a deprivation of the defendant's right to due process. So looking at what the Court of Appeal found, it found no error for two reasons. The first, as we see it, is at trial, defense counsel never claimed that appellant was incompetent. The second, nothing in the record, it said, suggests that appellant was unable to understand the nature of the proceedings or to assist counsel. We do think that the State Court's finding was an unreasonable determination of the facts and an unreasonable application of the Supreme Court's clearly established law under Pate and Drope. As for reason number one, in other words, at trial defense counsel never claimed that appellant was incompetent, there is no requirement that trial counsel must claim a doubt as to a defendant's competence to trigger a court's duty to order a competency hearing. And to the contrary, Pate and Drope make clear that when the evidence raises a bona fide doubt as to a defendant's competence to stand trial, a trial judge has an independent duty to conduct. At least I don't read the California Court of Appeals as having made it into a Federal constitutional requirement. Rather, it was responding to an argument based upon a California case which mandates a competency hearing if counsel does make such an observation. So what's unreasonable in and of itself about that observation? Well, I think as I see it, and, you know, going to excerpts of records, page 111 to 112, it appears to me that the Court is beginning with that. It's beginning its discussion, focusing on trial counsel didn't raise this. Well, it had an argument in front of it. It had to deal with having to do with California law, which is not, of course, a concern for us. I mean, that is whether it got California law right or not or was making an observation about it. I understand. But it appears to me that that was of paramount importance to the State court. So to continue what I was saying is that I do believe that there is an independent duty espoused by the U.S. Supreme Court in. Just to follow, Judge Ryan. Yes. I understand what you're doing. But the California Court of Appeal did what you did, basically, except it was reciting California law. It started out its opinion with what the law is. And it does say it's mandated if counsel objects. It then goes on and says, let me direct you to their quote from People v. Castro. It says, I think it's important to note that when the court becomes aware of substantial evidence which objectively generates a doubt about whether the defendant is competent to stand trial, the trial court must on its own motion declare a doubt and suspend proceedings even if the trial judge's personal observations lead the judge to a belief the defendant is competent. Now, that seems to be at least meeting the Pate standard. It might even go a little even stricter, because it says even if the trial judge subjectively isn't persuaded, it has a duty. So did they not apply that standard as well? I think it — I think that's true. I think it is comparable to the Pate standard. But I think the court, again, was focused, at least initially, on what counsel did or did not do in this particular — in the opinion. Because that's what they start off with? Yes. Well, but that's paralleling, as you're doing in your argument, it's paralleling the law. They state the law, and then there are three points that they're making. And so the first point that they mention of the law is if counsel objects, it's mandatory. You don't even have to get to the sua sponte issue. Right. So they're saying, okay, they didn't object, so we don't do it on the mandatory ground. Now we've got to then go on. So is there any place in the balance of the opinion where you think that they are basically giving short — shortcutting the Castro prong, which you say is essentially Pate? Well, I think at the very beginning, of course, in state court, many years ago when we argued, we did — we were focused on the Castro case. So that's where we were. And I do agree that the court — that state court was addressing state statutory and constitutional law. But I also believe that that was not just merely a factor, that that was a determinative factor. It wasn't just among others. It was the fact that, you know, the attorney did not object. And this being, you know, a predominant factor, this was, you know, essentially the court saying, well, you know, the attorney just didn't object here. Okay. And — So that's how you read their opinion? That's how I read it. Okay. Do you want to address your Brady issue? You know, I was not planning to address the Brady — That's fine, if you don't want to. Unless the court has any questions. I know your time is running down. Right. I understand. And I would like to reserve two minutes for rebuttal, if I may. You have a little over two minutes. Okay. That's fine. Thank you. Thank you. May it please the Court, I'm Alan Crown, representing the respondent appellee in this matter. And I think in terms of the California law on the question of incompetence versus the federal law, yes, I think California law has this requirement that if the attorney raises the issue of incompetence, and it's a situation where there's a developmentally disabled person as a defendant, then yes, there's an automatic review, then, of his competency. Experts are appointed and so forth. There's reports. There can be a hearing on that question, and there would be if counsel raised the issue. Now, of course, is it enough if counsel just raises it, or does there also have to be some, you suggested, there has to be some objective basis that would do it. But it's not, it's preliminary to a Castro finding, because if the attorney raises it, then that puts it on the table. But does the standard for triggering it differ in any way once it's on the table from whether the attorney puts it on the table or the court's response puts it on the table? Is there a threshold as to whether the competency hearing has to be ordered that's different between the two? However it comes out, however the issue is put on the table, are then thereafter the standards the same as to what causes the hearing to happen? My reading of the cases is that the standards are essentially the same. If the trial judge has a question about the competence of the defendant, then he has an obligation, sua sponte, to raise the issue and to resolve it. As far as, you know, what has to happen in order to get that issue resolved, that's going to involve whether there is in fact any objective indication. If the defendant's acting out in court, if the defendant is asking for a new attorney and raising issues of being unable to communicate with his counsel, then that would be an indicator. And certainly we're not suggesting that the defense attorney has an obligation to raise the issue, that that's the only way this can occur. But the fact that the attorney is not raising the issue is significant. The silence is important here because if the attorney is not saying to the judge, look, I can't coordinate with my client, I can't, you know, I have a problem here, my client doesn't seem to understand what's going on, or something like that, if the defense counsel is not raising the issue, then the judge has, by implication, the reasonable view of things that, well, the defense attorney and the defendant seem to be getting along. They seem to be putting their case together. They seem to be able to work together. Because certainly in cases where they're not working together, that usually comes out pretty quickly in, you know, either pretrial proceedings or in the beginning of a trial. That they're not getting along and things are not happening. Here we have certainly some objective indications that the defendant had some, was developmentally disabled, he had some problems with literacy, he had a low IQ score but not mentally retarded. An expert said that he was able to think, he was able to understand, he was able to take care of daily living activities. We also had his interview tapes with the police detective, and we had other materials. It shows that he is not a highly intelligent individual, but it does show that he understood that when he shot a man he might go to prison and that he might need a defense and that he was, you know, aware of those problems. Not in, you know, it wasn't discussed in any great detail because that's the sort of thing that would be discussed with defense counsel and not with a police officer, but he did understand some basic concepts. And so it's our position that there's no objective evidence in the record which would have indicated to the judge that he needed to make a sua sponte determination that a competency hearing or questions of the defendant's incompetence should be gone into. And unless there are questions, I would submit on that basis. Apparently not. Thank you. Thank you. I would submit unless the Court has any questions. Thank you very much. Thank you both. All right. The case argued is submitted.
judges: Pallmeyer, Rymer, Fisher